Words spoken or published of a party, as a merchant or tradesman, in relation to his solvency, to be *Page 376 
actionable, must, in their common acceptation, imply a want of credit or responsibility. It seems to me that the words published concerning the plaintiffs by the defendant, charged to be libelous, do not necessarily imply a want of credit or pecuniary responsibility. (3 Wend., 295; 7 Cow., 654.) If they are not plainly susceptible of an entirely innocent meaning, they certainly are not clearly susceptible of an injurious interpretation. At most, they are of doubtful signification. The defendant's firm may have held on to the plaintiff's note a few days for their accommodation, and not because they were unable to meet the paper at maturity; and this may have been the sense in which they used the words charged as libelous. This is certainly one interpretation of which the words are susceptible. Whenever words are of doubtful signification, and susceptible of two interpretations, the sense in which they were used must be left to the jury. (3 Cow., 231; 6 id., 76; 2 id., 479; 4Wend., 320.) The judge who tried the cause took this question from the jury, and charged them as a question of law that the postscript to the letter, containing the words in question, if false, was libelous. In this I think he erred.
I think, also, that the defendant proved a justification. The judge in his charge, and the counsel for the plaintiffs in his points, regard as the real point of the libel that it substantially charges that the plaintiffs did not pay their note until several days after it became due; and they both treat the question of justification as depending upon the determination of the question whether the receipt of the check on the nineteenth of April was, in law, a payment of the note; in other words, whether the charge that the note was not paid on the nineteenth April was true or false. The fact is undisputed that the only payment of the note was by the plaintiffs' check upon the defendant's bank of $100, when the plaintiffs' deposit therein was only $6.08. If this was in law a payment of the note, then undoubtedly the charge was false. But the check, in my judgment, cannot be *Page 377 
regarded as payment. (3 Kern., 167, 562.) It was not a payment in law, even if the plaintiffs were allowed by the defendant's firm to overdraw their account. The point of the supposed libel is a charge that the plaintiff did not, in fact, pay their note on the nineteenth of April, and the evidence shows that this charge was true. The charge being true, the defendant established a justification of the alleged libel, and the evidence which established the truth of the libel being uncontradicted, the judge should have nonsuited the plaintiffs.
The judgment must be reversed and a new trial ordered.
All the judges agreed with SELDEN, J., that the relation existing between the defendant and the owners of the plaintiffs' note rendered his communication a privileged one, and required proof of actual malice to sustain the action. All of them, except SELDEN, J., agreed with PAIGE, J., that the words published have not necessarily an injurious meaning, and that their interpretation should have been left to the jury. The court did not pass upon the point last discussed in the opinion of PAIGE, J.
Judgment reversed and new trial ordered.